NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3413

PATRICIA A. WORMLEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Patricia A. Wormley, of Cinnaminson, New Jersey, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3413

PATRICIA A. WORMLEY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: March 13, 2007

_____

Before MAYER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

The petitioner, Patricia A. Wormley, seeks review of a final decision of the Merit Systems Protection Board ("Board") affirming her removal by the Internal Revenue Service ("IRS") for misconduct. Wormley v. Dep't of the Treasury, No. PH-0752-06-0004-I-2 (M.S.P.B. Aug. 10, 2006). We affirm.

BACKGROUND

The IRS employed Ms. Wormley as a Tax Examining Clerk in Philadelphia. On February 11, 2005, Ms. Wormley's manager, Sherry Gaddy, requested a meeting with

Ms. Wormley to discuss her performance during her training period. Ms. Wormley refused and became belligerent with Ms. Gaddy. Concomitantly, the IRS was conducting a background investigation of Ms. Wormley and discovered that she had been arrested for biting off a portion of her neighbor's thumb during a physical altercation. Ms. Wormley subsequently was convicted of simple assault.

Following her conviction, the IRS issued a letter to Ms. Wormley proposing an adverse personnel action on the basis of three specifications of misconduct: (1) her attack upon her neighbor, (2) her assault conviction, and (3) her inappropriate behavior toward Ms. Gaddy. The letter stated that the IRS proposed to remove her. It also stated that Ms. Wormley's past work record, including three instances of misbehavior, had been considered. The letter invited Ms. Wormley to respond to the letter orally or in writing and advised her that she also had the right to be represented. She responded through her union representative at a hearing conducted by an IRS officer, Charles Felthaus.

After reviewing a transcript of the hearing and the entire case file, the deciding official for the IRS, Andrew Zuckerman, sent Ms. Wormley a letter sustaining the "reasons and specifications" underlying her proposed removal. The deciding official noted that he had considered all the factors stated in Internal Revenue Manual ("IRM") § 6.752.2.7.6(4), available at http://www.irs.gov/irm/part6/ch19s01.html, in determining the penalty.

Ms. Wormley appealed her removal to the Board. An administrative judge ("AJ") denied her appeal in an Initial Decision. The AJ found that the IRS had proven the three specifications of misconduct by a preponderance of the evidence. Ms. Wormley

did not dispute the first two specifications of misconduct: 1) the attack on her neighbor, or 2) her resulting conviction for assault. With respect to the third specification, the AJ determined that Ms. Gaddy's account of the altercation was more credible than that of Ms. Wormley. Finally, the AJ concluded that the removal penalty promoted the efficiency of the service and was a reasonable penalty.

The Initial Decision of the AJ became the Final Decision of the Board. Ms. Wormley has appealed the Final Decision regarding the removal penalty and seeks to return to her position as a Tax Examining Clerk.

## DISCUSSION

This court has jurisdiction over the nondiscrimination issues in this appeal based on 28 U.S.C. § 1295(a)(9).[1] The Board's decision regarding the reasonableness of the penalty will be sustained unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law or regulation; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. Wormley argues that the Board should have determined that the deciding official for the IRS incorrectly weighed all the Douglas factors. In support of her argument, she points to an inconsistency between the findings of the deciding official for the IRS and the findings of the Board.

The Board properly stated that the IRS was justified in using Ms. Wormley's "past work record" in determining the penalty for her misconduct. The deciding official stated in his letter, which sustained the "reasons and specifications" of the earlier letter

---

[1] This court only has jurisdiction to review the nondiscrimination issues in this case since no civil action regarding the discrimination issues was filed per 42 U.S.C. § 2000e-5.

proposing removal, that he had considered all the factors listed in IRM 6.752.2.7.6(4) in determining the penalty.[2] One of these factors is "the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers and dependability." Therefore, the Board properly concluded that the IRS could have relied on Ms. Wormley's past work record in determining the penalty.

The Board correctly found that the deciding official for the IRS properly considered and weighed the IRM § 6.752.2.7.6(4) factors (i.e. the Douglas factors). Though the deciding official may have found some factors in Ms. Wormley's favor (including her "good overall work record" and her lack of a "formal disciplinary record"), he concluded that her potential for violence combined with the fact that her job required working in close proximity with her co-workers and dealing personally with the general public outweighed those mitigating factors. Therefore, the Board correctly determined that the Douglas factors had been properly considered in arriving at the decision to remove Ms. Wormley.

We have considered all of Ms. Wormley's other arguments and find them unavailing. In evaluating the penalty, the Board properly gave deference to the IRS's discretion in maintaining employee discipline and efficiency. The Board correctly found that the removal penalty was reasonable considering Ms. Wormley's potential for behaving violently and that her job involved working in close proximity to her co-workers and dealing personally with the general public. Therefore, the Board's decision was neither arbitrary, capricious, unsupported by substantial evidence nor contrary to law.

---

[2] The factors listed in IRM § 6.752.2.7.6(4) are consistent with those listed in Douglas v. Veteran's Administration, which lists the factors relevant to determining the appropriateness of a penalty. See 5 M.S.P.B. 313, 331-333 (1981).

For the foregoing reasons, we affirm the judgment of the Board.

No costs.